**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Wave Form Systems, Inc.,

      Plaintiff,

  v.                                      **ORDER**
                                        Civil No. 14-3976 ADM/TNL

AMS Sales Corporation and
American Medical Systems, Inc.,

      Defendants.

_____

Karla M. Vehrs, Esq., Lindquist & Vennum PLLP, Minneapolis, MN, on behalf of Plaintiff.

Kirk W. Reilly, Esq., Gray Plant Mooty Mooty & Bennett, PA, Minneapolis, MN, on behalf of Defendants.

_____

On January 28, 2015, Wave Form Systems, Inc. ("Wave Form") filed a letter [Docket No. 30] petitioning this Court to certify two questions of law to the Minnesota Supreme Court. On February 4, 2015, a responsive letter [Docket No. 34] from AMS Sales Corporation and American Medical Systems, Inc. was filed opposing certification. For the reasons given below, Wave Form's request is denied.

The questions of law Wave Form poses for certification pertain to the applicability of the Minnesota Franchise Act ("MFA") to the parties' 2012 Mobile Provider Agreement ("MPA"). Wave Form requests certification on the following questions:

> Does the Minnesota Franchise Act, Minn. Stat. § 80C.01 et seq., apply to franchisees located outside of Minnesota when (1) the sale or offer to sell the franchise is made in Minnesota consistent with Minn. Stat, § 80C.19, and (2) the parties' contract does not waive or have the effect of waiving compliance with the Minnesota Franchise Act?

and

>Does a required payment for services constitute a "franchise fee" under Minn. Stat. § 80C.01 subd. 9 only if it lacks a reasonable business purpose?

When there is doubt as to local law, the federal court is not required to certify the issue to the state supreme court. See Lehman Brothers v. Schein, 416 U.S. 386, 390-91 (1974). Rather, use of the certification procedure "rests in the sound discretion of the federal court." Id. at 391; Allstate Insurance Co. v. Steele, 885 F. Supp. 189, 193 (D. Minn. 1995).

On December 22, 2014, Wave Form's request for preliminary injunctive relief was denied. In its Memorandum Opinion and Order [Docket No. 27], the Court recognized the applicability of the MFA was "murky." Mem. Op. Order 16. For purposes of that motion, however, the question of the MFA's applicability was not squarely before the Court. Additionally, while limited, there is relevant caselaw on the MFA's applicability to the parties' MPA.

District Courts are competent to decide issues of state law and every doubtful question does not require certification to the Supreme Court. Hatfield, by Hatfield v. Bishop Clarkson Memorial Hosp., 701 F.2d 1266, 1271 (8th Cir. 1983). Therefore, the Court declines to exercise its discretion to certify and instead will rely on principals of statutory construction and judicial guidance to resolve these questions.

BY THE COURT:

     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 5, 2015